GRABER, Circuit Judge,
dissenting:
I respectfully dissent. Under the strict standard of review mandated by the Anti-terrorism and Effective Death Penalty Act of 1996 (“AEDPA”), 28 U.S.C. § 2254(d), I would affirm the district court’s denial of the habeas petition brought on behalf of Crystal M.
In a detailed opinion, the state appellate court determined that, under the totality of the circumstances, Crystal waived her Miranda[1] rights. That determination was not an “unreasonable application of[ ] clearly established Federal law,” 28 U.S.C. § 2254(d)(1), simply because of Crystal’s age and some evidence of initial confusion about one of the rights. The detective explained Crystal’s Miranda rights to her initially in the car on the way to the police station. Once at the police station and under audio recording, the detective carefully ensui'ed that Crystal understood her rights before she began questioning:
Q. [by the detective]:....
Crystal, when we were in the car on the way here, do you remember me reading you those rights? Okay. I’m gonna ... read them to you again and I’ll ask you each time if you understand.
A. [by Crystal]: Okay.
Q. Okay. You ready?
*691 A. Yeah.
Q. You have the right to remain silent? Okay? Anything you say can be used against you in court. You have the right to an attorney before and during questioning. Okay?
A. Okay.
Q. This is the one we talked about in the car if you cannot afford an attorney, one will be appointed for you by the court free of charge before questioning.
Do you understand the rights I have just explained to you?
A. Yes.
Q. Do you need me to explain that one again?
A. No.
Q. Okay. With these rights in mind, are you willing to talk to me?
A. Yeah.
Q. Okay. Is that yes or know [sic][no]?
A. Yes.
The fact that the detective already had explained to Ciystal her rights further strengthens, rather than undermines, the state court’s holding.
The Fifth Circuit’s decision in Murray v. Earle, 405 F.3d 278 (5th Cir.2005), is not to the contrary. First, many factual differences distinguish Murray from this case: the child in Murray was younger than Crystal, id. at 288; she “had been held in the custody of the State for three days,” id.; she “was found to have below-normal intelligence by the court-appointed psychiatrist,” id.; and the police officers “had represented to [the child] that they had already talked to everyone in her family, that everyone ‘knew’ what happened, and that she could help her family only by telling the truth,” id. at 289. Perhaps' more importantly, Murray was a civil case filed under § 1988 and decided de novo; the veiy demanding AEDPA standards simply did not apply.
The majority does not reach the next issue, whether Crystal invoked her right to silence partway through the interview. On that issue, I would hold that the state court’s determination that Crystal did not invoke her right to silence was an unreasonable application of clearly established federal law. In context, Crystal’s statement that “I just don’t want to talk about it [the murders],” was a clear invocation of her right to silence. See Anderson v. Ter-hune, 516 F.3d 781, 787 (9th Cir.2008) (en banc) (“As the Supreme Court has observed, in invoking a constitutional right, ‘a suspect need not speak with the discrimination of an Oxford don.’ ” (quoting Davis v. United States, 512 U.S. 452, 459, 114 S.Ct. 2350, 129 L.Ed.2d 362 (1994))); Arnold v. Runnels, 421 F.3d 859, 865 (9th Cir.2005) (“[N]either the Supreme Court nor this court has required that a suspect seeking to invoke his right to silence provide any statement more explicit or more technically-worded than T have nothing to say.’ ”). Although all statements made after Ciystal invoked her right to silence should have been suppressed, her earlier statements implicated her in the crimes. The error therefore was harmless. See Arizona v. Fulminante, 499 U.S. 279, 310, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991) (holding that courts must review for harmless error the failure to suppress a confession).

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).